UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY OWENS, As Personal
Representative of the Estate of
Stephen Stiles, Deceased,

      Plaintiff,                                   Case No. 13-_____-NO

-vs-                                                         Hon. _____

COUNTY OF KENT, SHERIFF LAWRENCE
STELMA, DEPUTY PAUL RODRIGUEZ,
DEPUTY JEFF SULLIVAN, DEPUTY JOE
TOMASUNAS and DEPUTY JOSHUA DOCK,

      Defendants.
_____/

ROBERT M. GIROUX (P-47966)
Attorney for Plaintiff
19390 West Ten Mile Road
Southfield, MI  48075
r.giroux@fiegerlaw.com
(248) 355-5555

JASON R. BAKER (P-72645)
Co-Counsel for Plaintiff
89 Ionia Avenue NW, Suite 300
Grand Rapids, MI  49503
jrb@bakerlawplc.com
(616) 356-6110
_____/

**COMPLAINT AND JURY DEMAND**

      Plaintiff, Mary Owens, as Personal Representative of the Estate of

Stephen Stiles, Deceased, by and through her attorneys, and for her Complaint

against Defendants, states as follows:

1. This is an action based upon wrongful acts and/or omissions committed in violation of the constitutional rights of Plaintiff's Decedent, Stephen Stiles, of the 8th and 14th Amendments of the United Constitution, which acts and/or omissions were committed by and/or attributable to officers employed by Kent County and the Kent County Correctional Facility all of whom were acting under color of state law.

2. At all times material and relevant, Defendants, through their actions and/or omissions, demonstrated deliberate indifference to the serious medical needs of Plaintiff's Decedent, in violation of his constitutional rights under the 8th and 14th Amendments to the United States Constitution.

3. The actions and/or omissions perpetrated against Plaintiff's Decedent resulted in Plaintiff's Decedent's wrongful death, thereby entitling Plaintiff's Decedent's Estate and the members of his Estate to compensation for economic and non-economic damages identified under Michigan law and/or federal law.

4. The actions and/or omissions perpetrated by Defendants herein were so egregious, outrageous and/or intentional that Plaintiff seeks punitive damages and/or exemplary damages in addition to compensatory damages.

5. This Court has jurisdiction of this lawsuit pursuant to 28 U.S.C. §1331 as well as §1343(a)(3) and 1343(a)(4).  As it relates to all state law claims, this Court has jurisdiction pursuant to 28 U.S.C. §1367.

6. The amount in controversy in this case exceeds $75,000.00 exclusive of costs, fees and interest.

7. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the events that gave rise to the subject cause of action occurred and/were perpetrated in this judicial district.

8. On September 6, 2011, Mary Owens was appointed Personal Representative of the Estate of Stephen Stiles, Deceased, by the Probate Court for the County of Kent.

9. Prior to his death, Stephen Stiles was a resident of Kent County and was entitled to all rights privileges and immunities accorded to all citizens of the State of Michigan and the United States.

10. Prior to his death, Stephen Stiles was 39 years old.

11. Plaintiff brings this lawsuit against Defendant Sheriff Lawrence Stelma in his official capacity and against Defendants Rodriguez, Sullivan, Tomasunas and Dock in both their individual and official capacities.

12. Upon information and belief, all of the individual Defendants reside in Kent County, Michigan. All of the Defendants were employed in Kent County Michigan and were regularly working in Kent County, Michigan.

13. Any and all actions and/or omissions committed by the Defendants as described in this Complaint were committed by Defendants acting under color of state law and within the scope of their employment.

14. Kent County is a subdivision of the State of Michigan created and existing pursuant to the laws of the state of Michigan.

15. Plaintiff's Decedent, Stephen Stiles, while in the care, custody and control of Kent County Sheriff's Department as an inmate residing in the Kent

County Correctional Facility, was denied reasonable and adequate medical care such that the denial of said medical care resulted in his death occurring on May 31, 2011.

16. At all times material and relevant, Kent County and Sheriff Stelma were responsible for providing and recognizing proper treatment and services for the inmates and/or detainees at Kent County Correctional Facility.

17. At all times material and relevant, pursuant to applicable law, it was the duty of Kent County and Sheriff Stelma to organize, maintain, operate, staff and supervise the Kent County Correctional Facility such that all persons residing in said correctional facility would be provided with reasonable and adequate medical care.

18. On May 31, 2011, at or about 4:38 a.m., Plaintiff's Decedent, Stephen Stiles, was booked into Kent County Correctional Facility.

19. When Stephen Stiles was booked into Kent County Correctional Facility, he disclosed his medical history including describing epilepsy, grand mal seizures, hypertension and medication used for helping to control his hypertension, seizures and epilepsy.

20. Upon information and belief, Mr. Stiles had been incarcerated at the Kent County Correctional Facility on prior occasions, during which prior occasions he similarly disclosed his medical history including seizures, hypertension and the need for medications for seizures and hypertension and/or the like.

21. Multiple times after the subject booking, Stephen Stiles asked for his medications from officers working at the facility.

22. Despite knowledge that Plaintiff's Decedent had epilepsy and had not received his medications while in the custody of the correctional facility and/or Sheriff's deputies, the Defendant deputies listed herein did not check on Stephen Stiles from approximately 2:35 p.m. until after approximately 8:10 p.m.

23. At all times material and relevant, no attempts were made to administer medication to Stephen Stiles prior to approximately 8:10 p.m. despite the aforementioned knowledge of Stephen Stiles' serious medical condition.

24. The acts and/or omissions of Defendants as it relates to the provision of medication and/or the failure to provide such medication were excessive, unnecessary, intentional and in willful and wanton disregard of Plaintiff's Decedent constitutional rights including the right to be free from deliberate indifference and/or the right to receive basic and adequate medical care including but not limited to medication and emergency medical care.

25. The unwarranted and unconstitutional actions and/or omissions of Defendants caused Plaintiff's Decedent to suffer extreme physical and emotional pain, and further, the actions and/or omissions were without regard to human dignity and in violation of the 8th and/or 14th Amendments to the United States Constitution, the Americans with Disabilities Act and the Michigan Persons with Disabilities Act.

26. Sheriff Stelma, in his official capacity, and Defendant Deputies, in both their individual and official capacities, condoned, affirmed and acquiesced the intentional and wanton disregard of serious risk to Plaintiff's Decedent's health and safety.

27. Policies and/or customs and/or de facto policies of Kent County and the Kent County Sheriff's Department, pertaining to the medical care of inmates at Kent County Correctional Facility, were constitutionally deficient.

28. Kent County and/or Kent County Sheriff and/or Sheriff's Deputies working for Kent County in the Kent County Correctional Facility, prior to the death of Stephen Stiles, had been sued and/or notified multiple times of the constitutionally deficient treatment of persons incarcerated and residing therein. The multiple lawsuits and complaints and investigations informed Kent County and/or the Kent County Sheriff's Office and/or Sheriff's Deputies working in Kent County Correctional Facility of deficient policies and procedures and/or de facto policies and procedures existing within the Kent County Correctional Facility such that inmates were routinely denied fair and adequate medical care and treatment.

29. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Stephen Stiles suffered severe and horrible conscious pain and suffering and mental and emotional distraught. The members of his Estate have suffered and will continue to suffer loss of love, society and companionship, protection and guidance, parental guidance, economic support and services.

30. Pursuant to 42 U.S.C. §1988(b), Plaintiffs are entitled to recover attorney fees and costs associated with litigation of the causes of action contained herein and alleged under the Constitution and the laws of the United States.

31. As a proximate cause of Defendants acts and/or omissions as alleged herein, Stephen Stiles and/or the members of his Estate are entitled to reasonable and fair compensation for the following injuries and/or damages:

    a. Reasonable medical, funeral and burial expenses.

    b. Loss of financial support.

    c. Loss of services.

    d. Loss of financial gifts and gratuities.

    e. Loss of parental guidance.

    f. Loss of love, society and companionship.

    g. Conscious pain and suffering as well as emotional and mental anguish and distress suffered by Stephen Stiles prior to the time of his death.

    h. Loss of the value of life.

32. In addition to the aforementioned compensatory damages, based upon the acts and/or omissions committed by the Defendants, Plaintiffs are entitled to punitive damages and/or exemplary damages and/or attorneys fees and costs.

## COUNT I

## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION – ALL DEFENDANTS

33. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 32, above, as though fully set forth herein.

34. The acts and/or omissions committed by all Defendants in their individual and official capacities were all performed under the color of law and were unreasonable and unlawful and were performed knowingly, wantonly, deliberately, indifferently, intentionally, and maliciously. The acts and/or omissions of the Defendants were perpetrated with reckless indifference to Stephen Stiles well-being and serious medical needs.

35. Kent County and/or the Kent County Sheriff's Office and all of the agents and/or employees of same, committed the acts and/or omissions identified herein, in the execution and implementation of official and/or officially sanctioned policies, practices, regulations or customs.

36. The various policies, procedures and/or de facto policies and procedures caused, directly or indirectly, all of the individual Defendants to violate Stephen Stiles' constitutional rights under the 8th and 14th Amendments.

37. At all times material and relevant, Kent County and/or the Kent County Sheriff failed to implement policies that would allow inmates with serious medical conditions which required medications, faster access to their medications so as not to increase the inmate's risk of death following incarceration.

38. At all times material and relevant, Kent County and/or the Kent County Sheriff failed to provide intake policies for inmates with serious medical conditions such that inmates would be timely examined by qualified medical professionals, either onsite or offsite such that upon booking or at least close in time with booking into the Kent County Correctional Facility, all serious medical conditions could be and would be identified after which treatment for same would begin immediately and/or as soon as reasonably possible.

39. At all times material and relevant, Kent County and/or the Kent County Sheriff failed to implement policies and procedures that would require inmates with known serious medical conditions to be checked on regularly and/or placed in cells that would allow correctional facility employees to monitor such inmates more regularly so as to identify and/or respond to any medical conditions and/or medical emergencies.

40. At all times material and relevant, Kent County and/or the Kent County Sheriff and/or all of the individual Defendants identified in this lawsuit, failed to monitor Stephen Stiles even though he had known serious medical conditions that needed or required, in a timely fashion, medical care and/or medical monitoring and/or medications.

41. At all times material and relevant, Kent County and/or the Kent County Sheriff failed to establish and/or keep and/or maintain protocols and/or policies and/or procedures sufficient and adequate for the treatment and observation of individuals with seizure disorders and/or epilepsy, that would allow

for prompt medical monitoring, prompt medical responses and prompt medical treatment.

42. At all times material and relevant, Kent County and/or the Kent County Sheriff failed to establish and//or maintain protocols and/or procedures for the treatment and observation of individuals with seizure disorders and/or epilepsy such that the protocols and procedures would be consistent with nationally accepted guidelines as set forth in the National Commission of Correctional Health Care.

43. Defendants Rodriguez, Sullivan, Tomasunas and Dock, possessed actual and personal knowledge of Stephen Stiles' serious medical need relative to his epilepsy and/or grand mal seizures and/or hypertension.  Nevertheless, all of the Defendants exhibited deliberate indifference to Stephen Stiles' medical needs by failing to monitor Stephen Stiles and/or have Stephen Stiles seen by a medical care provider and/or to provide Stephen Stiles with necessary medications.

44. At all times material and relevant, Stephen Stiles had certain protected liberty interests and rights under the 8th and 14th Amendments to the United States Constitution including but not limited to the right to receive reasonable medical care and treatment for serious medical needs.

45. As a direct and proximate result of the wrongful conduct of Defendants, as described herein, Plaintiff has suffered and will continue to suffer injuries and damages.  Stephen Stiles experienced horrible pain and suffering and emotional and mental distress prior to the time of his death.  The members

of Stephen Stiles' Estate have suffered and will continue to suffer loss of love, society and companionship, loss of parental guidance, loss of gifts and gratuities, loss of financial support and/or services, among others.

46. As a direct and proximate result of the acts and/or omissions of the individual Defendants in this case, which were caused in whole or in part upon the policies and procedures and/or de facto policies of Kent County and/or the Kent County Sheriff, Stephen Stiles and/or the Estate of Stephen Stiles is entitled to compensation for various injuries and damages. Those injuries and damages include, but are not limited to the following:

  a. Reasonable medical, funeral and burial expenses.

  b. Loss of financial support.

  c. Loss of services.

  d. Loss of financial gifts and gratuities.

  e. Loss of parental guidance.

  f. Loss of love, society and companionship.

  g. Conscious pain and suffering as well as emotional and mental anguish and distress suffered by Stephen Stiles prior to the time of his death.

  h. Loss of the value of life.

47. In addition to the aforementioned compensatory damages, based upon the acts and/or omissions committed by the Defendants, Plaintiffs are entitled to punitive damages and/or exemplary damages and/or attorneys fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendants in an amount that is fair and reasonable under the facts and circumstances of this case, plus costs, interest and attorney fees.

## COUNT II

### GROSS NEGLIGENCE – DEFENDANTS RODRIGUEZ, SULLIVAN, TOMASUNAS AND DOCK

48. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 47, above, as though fully set forth herein.

49. At all times material and relevant, Defendants Rodriguez, Sullivan, Tomasunas and Dock owed duties to Stephen Stiles including, but not limited to, the following:

   a. Treat Stephen Stiles with respect and dignity as is consistent with Michigan law and to provide healthcare, safety and security to Stephen Stiles.

   b. To refrain from depriving Stephen Stiles of his rights and privileges and immunity secured by constitution and laws of the State of Michigan.

   c. To act with ordinary care for the safety and protection of Stephen Stiles under the facts and circumstances that existed in this case including, but not limited to the fact that Stephen Stiles was an incarcerated person who could not obtain medical care and treatment for himself.

   d. To act as a reasonable and careful person would under the same or similar circumstances for the safety and protection of Stephen Stiles.

   e. To obtain for Stephen Stiles, necessary and adequate medical care and/or medication and/or medical treatment.

50. At all times material and relevant, Defendants Rodriguez, Sullivan, Tomasunas and Dock had a special relationship with Stephen Stiles, based upon their employment with the Kent County Sheriff's Office at the Kent County Correctional Facility as well as the fact that Stephen Stiles was incarcerated therein and was unable to obtain medical care and/or treatment for himself.

51. At all times material and relevant, as a result of their employment with Kent County and/or the Kent County Sheriff's office, Defendants Rodriguez, Sullivan, Tomasunas and Dock owed a duty to Stephen Stiles to act as a reasonably prudent person would under the same or similar circumstances so as to protect and provide for the safety and wellbeing of Stephen Stiles.

52. Defendants Rodriguez, Sullivan, Tomasunas and Dock breached their duties in the following ways:

  a. Failure to treat Stephen Stiles with adequate care consistent with his health safety and wellbeing.

  b. Failure to monitor Stephen Stiles properly and timely.

  c. Failure to obtain necessary medications for Stephen Stiles.

  d. Failure to obtain necessary medical care and treatment for Stephen Stiles.

  e. Unreasonably delaying any access to qualified medical care and/or treatment and/or medications for Stephen Stiles.

  f. Failing to follow-up with supervisors and/or other persons so as to obtain for Stephen Stiles medical care and/or medical treatment and/or medications.

53. As a direct and proximate result of the acts and/or omissions of the individual Defendants in this case, Stephen Stiles and/or the Estate of Stephen Stiles is entitled to compensation for various injuries and damages. Those injuries and damages include, but are not limited to the following:

a. Reasonable medical, funeral and burial expenses.

b. Loss of financial support.

c. Loss of services.

d. Loss of financial gifts and gratuities.

e. Loss of parental guidance.

f. Loss of love, society and companionship.

g. Conscious pain and suffering as well as emotional and mental anguish and distress suffered by Stephen Stiles prior to the time of his death.

h. Loss of the value of life.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendants in an amount that is fair and reasonable under the facts and circumstances of this case, plus costs, interest and attorney fees.

Respectfully submitted,

/s/ *Robert M. Giroux*
ROBERT M. GIROUX (P-47966)
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
r.giroux@fiegerlaw.com
(248) 355-5555

Dated: May 2, 2013

## **JURY DEMAND**

Plaintiff, Mary Owens, as Personal Representative of the Estate of Stephen Stiles, Deceased, by and through her Attorneys, FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., and hereby respectfully requests trial by jury on all issues within the above cause of action.

Respectfully submitted,

/s/ *Robert M. Giroux*
ROBERT M. GIROUX (P-47966)
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
r.giroux@fiegerlaw.com
(248) 355-5555

Dated: May 2, 2013