UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MARY Owens, as Personal Representative
of the Estate of Stephen Stiles, Deceased,

    Plaintiff,

v

COUNTY OF KENT, SHERIFF LAWRENCE
STELMA, DEPUTY PAUL RODRIGUEZ,
DEPUTY JEFF SULLIVAN, DEPUTY JOE
TOMASUNAS and DEPUTY JOSHUA DOCK,

    Defendants.

Case No. 1:13-cv-00478-JTN

Hon. Janet T. Neff
United States District Judge

---

Robert M. Giroux (P47966)
Attorney for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
r.giroux@fiegerlaw.com
(248) 355-5555


Jason R. Baker (P72645)
Co-Counsel for Plaintiff
89 Ionia Avenue N.W., Suite 300
Grand Rapids, MI 49503
jrb@bakerlawplc.com
(616) 356-6110

Peter A. Smit (P27886)
Timothy E. Eagle (P38183)
Varnum, Riddering, Schmidt
& Howlett LLP
Attorneys for Defendants
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
pasmit@varnumlaw.com
teeagle@varnumlaw.com
(616) 336-6000

---

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES
AND RELIANCE ON JURY DEMAND**

---

  Defendants, County of Kent, Sheriff Lawrence Stelma, Deputy Paul Rodriguez, Deputy

Jeff Sullivan, Deputy Joe Tomasunas and Deputy Joshua Dock, by and through their attorneys,

Varnum, Riddering, Schmidt & Howlett LLP, in answer to Plaintiff's Complaint, state as follows:

1.      This is an action based upon wrongful acts and/or omissions committed in violation of the constitutional rights of Plaintiff's Decedent, Stephen Stiles, of the 8th and 14th Amendments of the United Constitution, which acts and/or omissions were committed by and/or attributable to officers employed by Kent County and the Kent County Correctional Facility all of whom were acting under color of state law.

**ANSWER:    The averments set forth in paragraph 1 of Plaintiff's Complaint are denied as being untrue.**

2.      At all times material and relevant, Defendants, through their actions and/or omissions, demonstrated deliberate indifference to the serious medical needs of Plaintiff's Decedent, in violation of his constitutional rights under the 8th and 14th Amendments to the United States Constitution.

**ANSWER:    The averments set forth in paragraph 2 of Plaintiff's Complaint are denied as being untrue.**

3.      The actions and/or omissions perpetrated against Plaintiff's Decedent resulted in Plaintiffs Decedent's wrongful death, thereby entitling Plaintiffs Decedent's Estate and the members of his Estate to compensation for economic and non-economic damages identified under Michigan law and/or federal law.

**ANSWER:    The averments set forth in paragraph 3 of Plaintiff's Complaint are denied as being untrue.**

4.      The actions and/or omissions perpetrated by Defendants herein were so egregious, outrageous and/or intentional that Plaintiff seeks punitive damages and/or exemplary damages in addition to compensatory damages.

**ANSWER:    The averments set forth in paragraph 4 of Plaintiff's Complaint are denied as being untrue.**

5.      This Court has jurisdiction of this lawsuit pursuant to 28 U.S.C. §1331 as well as §1343(a)(3) and 1343(a)(4). As it relates to all state law claims, this Court has jurisdiction pursuant to 28 U.S.C. §1367.

**ANSWER:    The averments set forth in paragraph 5 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer may be deemed required, it is admitted only that this Court has subject matter jurisdiction with respect to the purported federal claims herein.  The**

averments set forth in paragraph 5 of Plaintiff's Complaint are denied to the extent that they may deemed to state or imply anything further.

6.      The amount in controversy in this case exceeds $75,000.00 exclusive of costs, fees and interest.

**ANSWER:   These Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6 of Plaintiff's Complaint and Plaintiff is left to her strictest proofs.**

7.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the events that gave rise to the subject cause of action occurred and/were perpetrated in this judicial district.

**ANSWER:   With respect to the averments set forth in paragraph 7 of Plaintiff's Complaint, these Defendants admit only that venue is appropriate in this judicial district. The averments set forth in paragraph 7 of Plaintiff's Complaint are denied to the extent that they may be deemed to state or imply anything further.**

8.      On September 6, 2011, Mary Owens was appointed Personal Representative of the Estate of Stephen Stiles, Deceased, by the Probate Court for the County of Kent.

**ANSWER:   These Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8 of Plaintiff's Complaint and Plaintiff is left to her strictest proofs.**

9.      Prior to his death, Stephen Stiles was a resident of Kent County and was entitled to all rights privileges and immunities accorded to all citizens of the State of Michigan and the United States.

**ANSWER:   These Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9 of Plaintiff's Complaint and Plaintiff is left to her strictest proofs.**

10.     Prior to his death, Stephen Stiles was 39 years old.

-3-

**ANSWER: These Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 10 of Plaintiff's Complaint and Plaintiff is left to her strictest proofs.**

11. Plaintiff brings this lawsuit against Defendant Sheriff Lawrence Stelma in his official capacity and against Defendants Rodriguez, Sullivan, Tomasunas and Dock in both their individual and official capacities.

**ANSWER: Admitted.**

12. Upon information and belief, all of the individual Defendants reside in Kent County, Michigan. All of the Defendants were employed in Kent County Michigan and were regularly working in Kent County, Michigan.

**ANSWER: Admitted.**

13. Any and all actions and/or omissions committed by the Defendants as described in this Complaint were committed by Defendants acting under color of state law and within the scope of their employment.

**ANSWER: The averments set forth in paragraph 13 of Plaintiff's Complaint are denied as being untrue; in further answer, these Defendants deny that they committed the actions and/or omissions as described in Plaintiff's Complaint.**

14. Kent County is a subdivision of the State of Michigan created and existing pursuant to the laws of the state of Michigan.

**ANSWER: Admitted.**

15. Plaintiff's Decedent, Stephen Stiles, while in the care, custody and control of Kent County Sheriff's Department as an inmate residing in the Kent County Correctional Facility, was denied reasonable and adequate medical care such that the denial of said medical care resulted in his death occurring on May 31, 2011.

**ANSWER: The averments set forth in paragraph 15 of Plaintiff's Complaint are denied as being untrue.**

16. At all times material and relevant, Kent County and Sheriff Stelma were responsible for providing and recognizing proper treatment and services for the inmates and/or detainees at Kent County Correctional Facility.

**ANSWER:** The averments set forth in paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given. To the extent that an answer may be deemed required, it is denied that the averments set forth in paragraph 16 of Plaintiff's Complaint constitute a complete and/or accurate recitation of the responsibilities of Defendants Kent County and/or Sheriff Stelma.

17. At all times material and relevant, pursuant to applicable law, it was the duty of Kent County and Sheriff Stelma to organize, maintain, operate, staff and supervises the Kent County Correctional Facility such that all persons residing in said correctional facility would be provided with reasonable and adequate medical care.

**ANSWER:** The averments set forth in paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given. To the extent that an answer may be deemed required, it is denied that the averments set forth in paragraph 17 of Plaintiff's Complaint constitute an accurate and/or complete recitation of the duties of Defendants Kent County and/or Sheriff Stelma.

18. On May 31, 2011, at or about 4:38 a.m., Plaintiff's Decedent, Stephen Stiles, was booked into Kent County Correctional Facility.

**ANSWER:** Admitted.

19. When Stephen Stiles was booked into Kent County Correctional Facility, he disclosed his medical history including describing epilepsy, grand mal seizures, hypertension and medication used for helping to control his hypertension, seizures and epilepsy.

**ANSWER:** The averments set forth in paragraph 19 of Plaintiff's Complaint are denied as being untrue; in further answer, it is admitted only that Plaintiff provided certain information regarding his medical history involving epilepsy, grand mal seizures, hypertension and medication. The averments set forth in paragraph 19 of Plaintiff's Complaint are denied to the extent that they may be deemed to state or imply anything further.

20.     Upon information and belief, Mr. Stiles had been incarcerated at the Kent County Correctional Facility on prior occasions, during which prior occasions he similarly disclosed his medical history including seizures, hypertension and the need for medications for seizures and hypertension and/or the like.

**ANSWER:     The averments set forth in paragraph 20 of Plaintiff's Complaint are denied as being untrue.  It is admitted only that Mr. Stiles had been incarcerated at the Kent County Correctional Facility on one or more prior occasions during which he had disclosed certain medical information regarding seizures.  The averments set forth in paragraph 20 of Plaintiff's Complaint are denied to the extent they may be deemed to state or imply anything further.**

21.     Multiple times after the subject booking, Stephen Stiles asked for his medications from officers working at the facility.

**ANSWER:     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 21 of Plaintiff's Complaint and Plaintiff is left to her strictest proofs.**

22.     Despite knowledge that Plaintiff's Decedent had epilepsy and had not received his medications while in the custody of the correctional facility and/or Sheriff's deputies, the Defendant deputies listed herein did not check on Stephen Stiles from approximately 2:35 p.m. until after approximately 8:10 p.m.

**ANSWER:     The averments set forth in paragraph 22 of Plaintiff's Complaint are denied as being untrue.**

23.     At all times material and relevant, no attempts were made to administer medication to Stephen Stiles prior to approximately 8:10 p.m. despite the aforementioned knowledge of Stephen Stiles' serious medical condition.

**ANSWER:     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 23 of Plaintiff's Complaint and Plaintiff is left to her strictest proofs.**

-6-

24.    The acts and/or omissions of Defendants as it relates to the provision of medication and/or the failure to provide such medication were excessive, unnecessary, intentional and in willful and wanton disregard of Plaintiff's Decedent constitutional rights including the right to be free from deliberate indifference and/or the right to receive basic and adequate medical care including but not limited to medication and emergency medical care.

**ANSWER:    The averments set forth in paragraph 24 of Plaintiff's Complaint are denied as being untrue.**

25.    The unwarranted and unconstitutional actions and/or omissions of Defendants caused Plaintiff's Decedent to suffer extreme physical and emotional pain, and further, the actions and/or omissions were without regard to human dignity and in violation of the 8th and/or 14th Amendments to the United States Constitution, the Americans with Disabilities Act and the Michigan Persons with Disabilities Act.

**ANSWER:    The averments set forth in paragraph 25 of Plaintiff's Complaint are denied as being untrue.**

26.    Sheriff Stelma, in his official capacity, and Defendant Deputies, in both their individual and official capacities, condoned, affirmed and acquiesced the intentional and wanton disregard of serious risk to Plaintiff's Decedent's health and safety.

**ANSWER:    The averments set forth in paragraph 26 of Plaintiff's Complaint are denied as being untrue.**

27.    Policies and/or customs and/or de facto policies of Kent County and the Kent County Sheriff's Department. pertaining to the medical care of inmates at Kent County Correctional Facility, were constitutionally deficient.

**ANSWER:    The averments set forth in paragraph 27 of Plaintiff's Complaint are denied as being untrue.**

28.    Kent County and/or Kent County Sheriff and/or Sheriff's Deputies working for Kent County in the Kent County Correctional Facility, prior to the death of Stephen Stiles, had been sued and/or notified multiple times of the constitutionally deficient treatment of persons incarcerated and residing therein. The multiple lawsuits and complaints and investigations informed Kent County and/or the Kent County Sheriff's Office and/or Sheriffs Deputies working in Kent County Correctional Facility of deficient policies and procedures and/or de facto policies and procedures existing within the Kent County Correctional Facility such that inmates were routinely denied fair and adequate medical care and treatment.

**ANSWER:** **The averments set forth in paragraph 28 of Plaintiff's Complaint are denied as being untrue.**

29.     As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Stephen Stiles suffered severe and horrible conscious pain and suffering and mental and emotional distraught.  The members of his Estate have suffered and will continue to suffer loss of love, society and companionship, protection and guidance, parental guidance, economic support and services.

**ANSWER:** **The averments set forth in paragraph 29 of Plaintiff's Complaint are denied as being untrue.**

30.     Pursuant to 42 U.S.C. §1988(b), Plaintiffs are entitled to recover attorney fees and costs associated with litigation of the causes of action contained herein and alleged under the Constitution and the laws of the United States.

**ANSWER:** **The averments set forth in paragraph 30 of Plaintiff's Complaint are denied as being untrue.**

31.     As a proximate cause of Defendants acts and/or omissions as alleged herein, Stephen Stiles and/or the members of his Estate are entitled to reasonable and fair compensation the following injuries and/or damages:

      a.     Reasonable medical, funeral and burial expenses.
      b.     Loss of financial support.
      c.     Loss of services.
      d.     Loss of financial gifts and gratuities.
      e.     Loss of parental guidance.
      f.     Loss of love, society and companionship.
      g.     Conscious pain and suffering as well as emotional and mental anguish and distress suffered by Stephen Stiles prior to the time of his death.
      h.     Loss of the value of life.

**ANSWER:** **The averments set forth in paragraph 31 of Plaintiff's Complaint, including all subparts thereto, are denied as being untrue.**

32.     In addition to the aforementioned compensatory damages, based upon the acts and/or omissions committed by the Defendants, Plaintiffs are entitled to punitive damages and/or exemplary damages and/or attorneys fees and costs.

**ANSWER:** **The averments set forth in paragraph 32 of Plaintiff's Complaint, are denied as being untrue.**

-8-

## COUNT I

## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION – ALL DEFENDANTS

33.    Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 32, above, as though fully set forth herein.

**ANSWER:    Defendants incorporate by reference their answers to paragraphs 1 through 32 above, inclusive, as if herein fully written.**

34.    The acts and/or omissions committed by all Defendants in their individual and official capacities were all performed under the color of law and were unreasonable and unlawful and were performed knowingly, wantonly, deliberately, indifferently, intentionally, and maliciously.  The acts and/or omissions of the Defendants were perpetrated with reckless indifference to Stephen Stiles well-being and serious medical needs.

**ANSWER:    The averments set forth in paragraph 34 of Plaintiff's Complaint are denied as being untrue.**

35.    Kent County and/or the Kent County Sheriff's Office and all of the agents and/or employees of same, committed the acts and/or omissions identified herein, in the execution and implementation of official and/or officially sanctioned policies, practices, regulations or customs.

**ANSWER:    ANSWER:    The averments set forth in paragraph 35 of Plaintiff's Complaint are denied as being untrue.**

36.    The various policies, procedures and/or de facto policies and procedures caused, directly or indirectly, all of the individual Defendants to violate Stephen Stiles' constitutional rights under the 8th and 14th Amendments.

**ANSWER:    The averments set forth in paragraph 36 of Plaintiff's Complaint are denied as being untrue.**

37.    At all times material and relevant, Kent County and/or the Kent County Sheriff failed to implement policies that would allow inmates with serious medical conditions which required medications, faster access to their medications so as not to increase the inmate's risk of death following incarceration.

**ANSWER:    The averments set forth in paragraph 37 of Plaintiff's Complaint are denied as being untrue.**

38.     At all times material and relevant, Kent County and/or the Kent County Sheriff failed to provide intake policies for inmates with serious medical conditions such that inmates would be timely examined by qualified medical professionals, either onsite or offsite such that upon booking or at least close in time with booking into the Kent County Correctional Facility, all serious medical conditions could be and would be identified after which treatment for same would begin immediately and/or as soon as reasonably possible.

ANSWER:     The averments set forth in paragraph 38 of Plaintiff's Complaint are

denied as being untrue.

39.     At all times material and relevant, Kent County Sheriff failed to implement policies and procedures that would require inmates with known serious medical conditions to be checked on regularly and/or placed in cells that would allow correctional facility employees to monitor such inmates more regularly so as to identify and/or respond to any medical conditions and/or medical emergencies.

ANSWER:     The averments set forth in paragraph 39 of Plaintiff's Complaint are

denied as being untrue.

40.     At all times material and relevant, Kent County and/or the Kent County Sheriff and/or all of the individual Defendants identified in this lawsuit, failed to monitor Stephen Stiles even though he had known serious medical conditions that needed or required, in a timely fashion, medical care and/or medical monitoring and/or medications.

ANSWER:     The averments set forth in paragraph 40 of Plaintiff's Complaint are

denied as being untrue.

41.     At all times material and relevant, Kent County and/or the Kent County Sheriff failed to establish and/or keep and/or maintain protocols and/or policies and/or procedures sufficient and adequate for the treatment and observation of individuals with seizure disorders and/or epilepsy, that would allow for prompt medical monitoring, prompt medical responses and prompt medical treatment.

ANSWER:     The averments set forth in paragraph 41 of Plaintiff's Complaint are

denied as being untrue.

42.     At all times material and relevant, Kent County and/or the Kent County Sheriff failed to establish and//or maintain protocols and/or procedures for the treatment and observation of individuals with seizure disorders and/or epilepsy such that the protocols and procedures would be consistent with nationally accepted guidelines as set forth in the National Commission of Correctional Health Care.

**ANSWER:    The averments set forth in paragraph 42 of Plaintiff's Complaint are denied as being untrue.**

43.    Defendants Rodriguez, Sullivan, Tomasunas and Dock, possessed actual and personal knowledge of Stephen Stiles' serious medical need relative to his epilepsy and/or grand mal seizures and/or hypertension.  Nevertheless, all of the Defendants exhibited deliberate indifference to Stephen Stiles' medical needs by failing to monitor Stephen Stiles and/or have Stephen Stiles seen by a medical care provider and/or to provide Stephen Stiles with necessary medications.

**ANSWER:    The averments set forth in paragraph 43 of Plaintiff's Complaint are denied as being untrue.**

44.    At all times material and relevant, Stephen Stiles had certain protected liberty interests and rights under the 8th and 14th Amendments to the United States Constitution including but not limited to the right to receive reasonable medical care and treatment for serious medical needs.

**ANSWER:    The averments set forth in paragraph 44 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer may be deemed required, it is denied that the averments set forth in paragraph 44 of Plaintiff's Complaint constitute an accurate and/or complete recitation of the referenced interests and rights.**

45.    As a direct and proximate result of the wrongful conduct of Defendants, as described herein, Plaintiff has suffered and will continue to suffer injuries and damages.  Stephen Stiles experienced horrible pain and suffering and emotional and mental distress prior to the time of his death.  The members of Stephen Stiles' Estate have suffered and will continue to suffer loss of love, society and companionship, loss of parental guidance, loss of gifts and gratuities, loss of financial support and/or services, among others.

**ANSWER:    With respect to the averment set forth in the first sentence of paragraph 45 of Plaintiff's Complaint, the averments are denied as being untrue.  With respect to the averments set forth in the second sentence of paragraph 45 of Plaintiff's Complaint, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments and Plaintiff is left to her strictest proofs.  With respect to the**

**averments set forth in the third sentence of paragraph 45 of Plaintiff's Complaint, the averments are denied to the extent that they may be deemed to state or imply any wrongdoing or liability on the part of these Defendants or that the referenced "members" suffered and/or will suffer any of the referenced elements of alleged loss. To the extent that the averments set forth in the third sentence of paragraph 45 of Plaintiff's Complaint may be deemed to state or imply anything further, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments and Plaintiff is left to her strictest proofs.**

46.     As a direct and proximate result of the acts and/or omissions of the individual Defendants in this case, which were caused in whole or in part upon the policies and procedures and/or de facto policies of Kent County and/or the Kent County Sheriff, Stephen Stiles and/or the Estate of Stephen Stiles is entitled to compensation for various injuries and damages. Those injuries and damages include, but are not limited to the following:

a.     Reasonable medical, funeral and burial expenses.
b.     Loss of financial support.
c.     Loss of services.
d.     Loss of financial gifts and gratuities.
e.     Loss of parental guidance.
f.     Loss of love, society and companionship.
g.     Conscious pain and suffering as well as emotional and mental anguish and distress suffered by Stephen Stiles prior to the time of his death.
h.     Loss of the value of life.

**ANSWER:     The averments set forth in paragraph 46 of Plaintiff's Complaint, including all subparts thereto, are denied as being untrue.**

47.     In addition to the aforementioned compensatory damages, based upon the acts and/or omissions committed by the Defendants, Plaintiffs are entitled to punitive damages and/or exemplary damages and/or attorneys' fees and costs.

**ANSWER:     The averments set forth in paragraph 47 of Plaintiff's Complaint are denied as being untrue.**

WHEREFORE, it is denied that Plaintiff is entitled to the relief sought and Defendants pray that Plaintiff's Complaint against them be dismissed with full prejudice, with costs and attorney fees awarded Defendants.

## COUNT II

### GROSS NEGLIGENCE – DEFENDANTS RODRIGUEZ, SULLIVAN TOMASUNAS AND DOCK

48.     Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 47, above, as though fully set forth herein.

**ANSWER:   Defendants incorporate by reference their answers to paragraphs 1 through 47 above, inclusive, as if herein fully written.**

49.     At all times material and relevant, Defendants Rodriguez, Sullivan, Tomasunas and Dock owed duties to Stephen Stiles including, but not limited to, the following:

    a.    Treat Stephen Stiles with respect and dignity as is consistent with Michigan law and to provide healthcare, safety and security to Stephen Stiles.
    b.    To refrain from depriving Stephen Stiles of his rights and privileges and immunity secured by constitution and laws of the State of Michigan.
    c.    To act with ordinary care for the safety and protection of Stephen Stiles under the facts and circumstances that existed in this case including, but not limited to the fact that Stephen Stiles was an incarcerated person who could not obtain medical care and treatment for himself.
    d.    To act as a reasonable and careful person would under the same or similar circumstances for the safety and protection of Stephen Stiles.
    e.    To obtain for Stephen Stiles, necessary and adequate medical care and/or medication and/or medical treatment.

**ANSWER:   The averments set forth in paragraph 49 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer may be deemed required, the averments are denied as being untrue. In further answer, it is denied that the averments set forth in paragraph 49 of Plaintiff's Complaint constitute an accurate and/or complete recitation of the alleged duties.**

50.     At all times material and relevant. Defendants Rodriguez, Sullivan, Tomasunas and Dock had a special relationship with Stephen Stiles, based upon their employment with the Kent County Sheriff's Office at the Kent County Correctional Facility as well as the fact that

Stephen Stiles was incarcerated therein and was unable to obtain medical care and/or treatment for himself.

**ANSWER:   The averments set forth in paragraph 50 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer may be deemed required, the averments are denied as being untrue. In further answer, it is denied that the averments set forth in paragraph 50 of Plaintiff's Complaint constitute an accurate and/or complete recitation of the applicable law.**

51.     At all times material and relevant, as a result of their employment with Kent County and/or the Kent County Sheriff's office, Defendants Rodriguez, Sullivan, Tomasunas and Dock owed a duty to Stephen Stiles to act as a reasonably prudent person would under the same or similar circumstances so as to protect and provide for the safety and wellbeing of Stephen Stiles.

**ANSWER:   The averments set forth in paragraph 51 of Plaintiff's Complaint constitute legal conclusions to which no answer is necessary and none is given.  To the extent that an answer may be deemed required, the averments are denied as being untrue. In further answer, it is denied that the averments set forth in paragraph 51 of Plaintiff's Complaint constitute an accurate and/or complete recitation of the applicable law.**

52.     Defendants Rodriguez, Sullivan, Tomasunas and Dock breached their duties in the following ways:

a.   Failure to treat Stephen Stiles with adequate care consistent with his health safety and wellbeing.
b.   Failure to monitor Stephen Stiles properly and timely.
c.   Failure to obtain necessary medications for Stephen Stiles.
d.   Failure to obtain necessary medical care and treatment for Stephen Stiles.
e.   Unreasonably delaying any access to qualified medical care and/or treatment and/or medications for Stephen Stiles.
f.   Failing to follow-up with supervisors and/or other persons so as to obtain for Stephen Stiles medical care and/or medical treatment and/or medications.

**ANSWER:   The averments set forth in paragraph 52 of Plaintiff's Complaint are denied as being untrue.**

-14-

53.     As a direct and proximate result of the acts and/or omissions of the individual Defendants in this case, Stephen Stiles and/or the Estate of Stephen Stiles is entitled to compensation for various injuries and damages.  Those injuries and damages include, but are not limited to the following:

a.     Reasonable medical, funeral and burial expenses.
b.     Loss of financial support.
c.     Loss of services.
d.     Loss of financial gifts and gratuities.
e.     Loss of parental guidance.
f.     Loss of love, society and companionship.
g.     Conscious pain and suffering as well as emotional and mental anguish and distress suffered by Stephen Stiles prior to the time of his death.
h.     Loss of the value of life.

**ANSWER:     The averments set forth in paragraph 53 of Plaintiff's Complaint are denied as being untrue.**

WHEREFORE, it is denied that Plaintiff is entitled to the relief sought and Defendants pray that Plaintiff's Complaint against them be dismissed with full prejudice, with costs and attorney fees awarded Defendants.

Respectfully submitted,

VARNUM, RIDDERING, SCHMIDT
& HOWLETT LLP
Attorneys for Defendants

Date: June 18, 2013                    By:     _/s/Timothy E. Eagle_____
                                               Peter A. Smit (P27886)
                                               Timothy E. Eagle (P38183)
                                       Business Address & Telephone:
                                               Bridgewater Place, P.O. Box 352
                                               Grand Rapids, MI  49501-0352

## DEFENSES

Please be advised Defendants reserve the right to assert one or more of the following defenses in this action:

1.    Plaintiff's Complaint, in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or if adequately alleged, cannot prove under the totality of the circumstances, that:

      (a)    Plaintiff's decedent was objectively subjected to deprivation of required treatment for sufficiently serious medical condition which resulted in harm; and

      (b)    These Defendants subjectively demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's decedent's health and safety.

2.    Plaintiff's Complaint, in whole and/or part, is barred by absolute and/or qualified governmental immunity from tort liability.  To the extent that Defendants are sued in their individual capacities, they are entitled to dismissal because a reasonable person in their position would not have thought they were violating any clearly established constitutional right of Plaintiff's decedent by any of their actions or inactions.

3.    Plaintiff's Complaint may be barred by non-joinder of parties under Fed. R. Civ. P. 19.

4.    These Defendants will rely upon all defenses available to them under the Eighth and Fourteenth Amendments to the United States Constitution.

5.    These Defendants will rely upon all defenses available to them under 42 U.S.C. § 1983.

6. Defendants deny that they breached any duties and deny they were negligent or violated the constitutional rights of Plaintiff's decedent in any manner. At all times, Defendants were guided by and observed the legal duties imposed upon them by the United States Constitution, federal statutes, the common law and otherwise.

7. Plaintiff's claims do not rise to the level of constitutional violations cognizable under the Eight and/or Fourteenth Amendments or under 42 U.S.C. § 1983.

8. Defendants are not liable for exemplary and/or punitive damages under 42 U.S.C. § 1983.

9. Defendants did not violate any clearly established constitutional rights of Plaintiff's decedent of which Defendants were or should have been aware.

10. Plaintiff's decedent's alleged injuries and/or resulting damages, if any, may be attributable to entities and/or persons other than Defendants.

11. Plaintiff's claims, in whole or in part, may be barred by the doctrine of comparative negligence.

12. Any alleged damages sustained by Plaintiff may have been proximately caused, totally or in part, by Plaintiff's decedent's own negligence and/or willful acts and any recovery by the Plaintiff should therefore be diminished in whole or in part.

13. Plaintiff's claims fail to rise to the level of a constitutional violation.

14. The Plaintiff's claims, in whole or in part, may be barred by the applicable statute of limitations or period of repose.

15. Plaintiff's claims, in whole or in part, may be barred for failure to exhaust available administrative remedies.

16.     Defendants are entitled to dismissal because their actions and/or inactions were not wanton and reckless in the criminal sense with regard to the rights of Plaintiff's decedent and were, if anything, based upon medical judgment calls.

17.     These Defendants reserve the right to assert the negligence of non-parties in this action as the proximate cause or as a contributing cause of the alleged damages and/or injuries complained of by Plaintiff.

18.     Plaintiff's Complaint fails to state a claim on which relief can be granted.

19.     Plaintiff's claim, in whole or in part, is barred by the doctrine of comparative negligence.

20.     Defendant Kent County is a municipal and/or governmental entity entitled to immunity from liability as are the individual Defendants in their official capacities.

21.     Defendants are entitled to a setoff to the extent of any recovery by Plaintiff from any collateral source of compensation.

22.     The named Defendants are not liable under the theory of respondeant superior including, but not limited to, for the acts of, inactions of, or judgments of any doctors, nurses or other third parties involved herein.

23.     At all times material to Plaintiff's Complaint, Defendant Stelma was the duly elected sheriff of Defendant County and was acting in the scope of his authority as Kent County Sheriff.  Defendant Stelma is an elected official and therefore entitled to absolute immunity pursuant to MCL 691.1407.

24.     None of the acts of Defendants or the alleged failures to act about which Plaintiff complains were malicious, willful, wanton or in reckless disregard of Plaintiff's decedent's rights.

25.     Plaintiff's Complaint should be dismissed as the complained-of acts or inactions were not the proximate cause of the alleged injuries or damages claimed by Plaintiff.

26.     Plaintiff's Complaint fails to set forth facts sufficient to establish a violation of any or Plaintiff's decedent's constitutional rights.

27.     All of the individual Defendants are entitled to qualified immunity from suit.

28.     To the extent Plaintiff claims alleged negligence and/or medical malpractice, such are not cognizable under federal law.

29.     These Defendants are entitled to governmental immunity from suit.

30.     Plaintiff has failed to plead facts in avoidance of governmental immunity and/or qualified immunity.

31.     Plaintiff's claims are barred for the reason they sound in "simple negligence" and the conduct complained of is not the type contemplated pursuant to 42 U.S.C. § 1983.

32.     Plaintiff is not capable of establishing that Defendants were deliberately indifferent to Plaintiff's decedent.

33.     Plaintiff's Eighth Amendment claim fails as a matter of law; the Eighth Amendment is not applicable to pretrial detainees.

34.     To the extent applicable, Plaintiff's claims may be barred by the application of the Michigan Government Immunity Statute MCL 691.1401 *et seq*.

35.     Defendants are entitled to all relief and setoffs as provided by the Michigan Tort Reform Act or other applicable law.

Defendants reserve the right to assert and rely upon such other and further defenses as may prove applicable after further investigation and discovery.

                                  Respectfully submitted,

                                  VARNUM, RIDDERING, SCHMIDT
                                  & HOWLETT LLP
                                  Attorneys for Defendants

Date: June 18, 2013                  By:     /s/ Timothy E. Eagle
                                  Peter A. Smit (P27886)
                                  Timothy E. Eagle (P38183)
                                  Business Address & Telephone:
                                  Bridgewater Place, P.O. Box 352
                                  Grand Rapids, MI  49501-0352
                                  (616) 336-6000

## RELIANCE ON JURY DEMAND

      Defendants, County of Kent, Sheriff Lawrence Stelma, Deputy Paul Rodriguez, Deputy Jeff Sullivan, Deputy Joe Tomasunas and Deputy Joshua Dock, through their attorneys, Varnum, Riddering, Schmidt & Howlett LLP, hereby rely on the jury demand previously filed by the Plaintiff.

                                    Respectfully submitted,

                                  VARNUM, RIDDERING, SCHMIDT
                                  & HOWLETT LLP
                                  Attorneys for Defendants

Date: June 18, 2013                  By:     /s/ Timothy E. Eagle
                                  Peter A. Smit (P27886)
                                  Timothy E. Eagle (P38183)
                                  Business Address & Telephone:
                                  Bridgewater Place, P.O. Box 352
                                  Grand Rapids, MI  49501-0352

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2013, I electronically filed the foregoing Defendants' Answer to Plaintiff's Complaint and Defenses and Reliance on Jury Demand with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Robert M. Giroux   r.giroux@fiegerlaw.com

/s/ Timothy E. Eagle
Varnum, Riddering, Schmidt & Howlett LLP
Timothy E. Eagle
Bridgewater Place, 333 Bridge Street NW
Grand Rapids, MI  49504
(616) 336-6000
teeagle@varnumlaw.com
P38183

6234728_1.DOCX